UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:24-cv-08840 MWC (ASx)                                      Date: December 30, 2024

Title   Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

---

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. 14) JS-6**

Before the Court is a motion to remand filed by Plaintiff Trinton Hunt ("Plaintiff").  Dkt. # 14-1 ("*Mot.*").  Defendants SH Group Hotels & Residences U.S., LLC ("US LLC"), 1 Hotel West Hollywood, LLC ("Hollywood LLC"), and 1 Hotel SF, LLC ("SF LLC") (collectively, "Defendants") timely filed an opposition, Dkt. # 24 ("*Opp.*"), and Plaintiff replied, Dkt. # 25 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers and proffered evidence, the Court **GRANTS** Plaintiff's motion to remand.

I.   Background

On September 11, 2024, Plaintiff, on behalf of himself and all persons who worked for Defendants in California as non-exempt employees during the relevant time period, filed a class action lawsuit against Defendants in the Superior Court of California, County of Los Angeles.  *See* Dkt. # 1, Ex. 2 ("*Compl.*").  Plaintiff's complaint alleges ten causes of action under the California Labor Code:  (1) failure to pay minimum wages, (2) failure to pay overtime compensation, (3) failure to pay double time compensation, (4) failure to provide rest breaks, (5) failure to provide meal periods, (6) failure to timely pay wages during employment, (7) failure to timely pay final wages at termination, (8) failure to provide accurate wage statements, (9) unfair and unlawful business practices, and (10) violation of California Labor Code Private Attorneys General Act of 2004.  *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08840 MWC (ASx)                                                    Date: December 30, 2024

Title      Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

On October 14, 2024, Defendant filed a notice of removal pursuant to the Class Action Fairness Act ("CAFA").  Dkt. # 1 ("*Notice of Removal*").  Since Plaintiff did not expressly plead a specific amount of damages in the complaint, Defendant calculated its own estimate of potential damages based on Plaintiff's allegations.  *See generally id.*  Plaintiff now moves to remand, arguing that Defendant has failed to establish the amount in controversy.  *See generally Mot.*

II.     Legal Standard

    A.    Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

    B.    CAFA

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5)(B).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 82 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  However, a court should not impose a presumption against CAFA's jurisdiction.  *See Jauregui v. Roadrunner Transp. Servs. Inc.*, 28 F. 4th 989, 993 (9th Cir. 2022) ("[I]t

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:24-cv-08840 MWC (ASx)                                        Date: December 30, 2024

Title     Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

appears the district court had *some* notion that removal under CAFA should be met with a level of skepticism and resistance.  That was incorrect.").

     Under CAFA, a defendant removing a case must file a notice of removal "containing a short and plain statement of the grounds for removal."  *Dart Cherokee*, 574 U.S. at 83 (quoting 28 U.S.C. § 1446(a)).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff.  *Id.* at 89.  Where, a defendant's asserted amount in controversy is contested, then "[e]vidence establishing the amount is required."  *Id.*  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy has been satisfied."  *Id.* at 82.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra*, 775 F.3d at 1197.  The Court notes that it is only once a defendant satisfies its "burden to put forward evidence showing that the amount in controversy exceeds $5 million," *id.* at 1197, "the burden [then] shifts to plaintiff to produce evidence."  *Townsend v. Brinderson Corp.*, No. CV 14-5320 FMO RZX, 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015).  "In other words, while plaintiff *may* rebut defendant's evidence with his own evidence, he or she need not do so in order to prevail on his or her motion for remand."  *Id.* (emphasis in original).

     Under this system, a defendant may rely on "reasonable assumptions" to assert that the claims meet the amount-in-controversy requirement.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1197–99).  As the Ninth Circuit has explained:  "[I]n assessing the amount in controversy, a removal defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'"  *Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1200).  These "assumptions cannot be pulled from thin air but need some reasonable ground underlying them."  *Id.* (quoting *Ibarra*, 775 F.3d at 1198–99).  "An assumption may be reasonable if it is founded on the allegations of the complaint."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:24-cv-08840 MWC (ASx)                                              Date: December 30, 2024

Title   Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

III.   Discussion

The parties do not dispute class numerosity. *See generally Mot.* The Court resolves (1) whether there is minimal diversity between the parties, and (2) whether the amount in controversy exceeds $5 million. The Court address each issue in turn.

A.   Minimal Diversity

In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). The minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714 (N.D. Cal. 2021) ("Because just a single plaintiff must be a citizen of a different state from any single defendant, CAFA 'abandons the complete diversity rule for covered class actions' in exchange for a minimal diversity standard." (internal citations omitted)).

Here, the parties dispute whether Defendants can establish minimal diversity. The parties do not contest that Plaintiff is a citizen of California. The parties, however, disagree about how to determine the citizenship of Defendants. Defendants aver that under CAFA, an LLC is an "unincorporated association," whose citizenship should be determined by its principal place of business, and that Defendants have established minimal diversity. *Opp.* 5:3–4:12, 8:20–12:14. Plaintiff contends that (1) the Court should evaluate minimal diversity by looking at the citizenship of each owner/member of the LLC, and (2) even assuming that an LLC is an "unincorporated association" under CAFA, Defendants have not otherwise shown that their principal places of business are in a state other than California. *Mot.* 27:2–30:17.

As a preliminary matter, the Court citizenship is based on an LLC's principal place of business in the CAFA context. Typically, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, CAFA explicitly provides an exception to the general rule: "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Jack v. Ring LLC*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-08840 MWC (ASx)                                  Date: December 30, 2024

Title     Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

553 F. Supp. 3d at 715 (collecting cases—including Ninth Circuit and Fourth Circuit cases—suggesting that CAFA intended to change the traditional diversity rule for LLCs). Therefore, CAFA instructs courts to determine an LLC's citizenship, as an unincorporated association,[1] based on its principal place of business and State of organization. *See id.* at 714–16 (recognizing that in CAFA actions an LLC's citizenship is determined by principal place of business and State of organization); *see also Johnson v. Kadiant LLC*, No. 2:24-CV-01372-DC-CKD, 2024 WL 4616148, at *3 (E.D. Cal. Oct. 30, 2024) (collecting cases concluding same). Courts determine a corporation's "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities," commonly referred to as "the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

   Here, the Court finds that Defendants proffered sufficient evidence to show that Hollywood LLC was formed in Delaware with its principal place of business in Florida. Defendants provide two declarations from Jannell Strube ("Strube"), the Vice President, Global Tax, Payroll, and Compliance for non-party SH Group Operations, L.L.C. ("SH Group Operations"). Dkt. # 3 ("*Strube Decl. I*"); Dkt. # 24-1 ("*Strube Decl. II*"). SH Group Operations is the parent company of Hollywood LLC and TR Mission Management, LLC ("Mission Management LLC"). *Id.* ¶ 1. Hollywood LLC was formed in Delaware. *Strube Decl. I* ¶ 7. The principal place of operations for SH group Operations is 3225 Aviation Avenue, Suite 500, Coconut Grove, FL 33133. *Strube Decl. II* ¶ 2. There, officers of SH Group Operations, including Strube, direct, control, and coordinate the activities of SH Group Operations, as well as the activities of Hollywood LLC, SF LLC, and Mission Management LLC. *Id.* ¶ 2. In her role, Strube (1) oversees and manages payroll and certain Human Resources functions and activities for Hollywood LLC employees in California, and (2) has access to the personnel, time and payroll records of Hollywood LLC and employees in California, which are created and maintained in the ordinary course of business. *Id.* ¶ 3. Strube's declaration sufficiently establishes that Hollywood LLC was formed in Delaware with its principal place of business in Florida. *See, e.g.*, *Peich v. Flatiron W., Inc.*, No. 5:16-cv-00540-ODW-DTB, 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016) (concluding that a principal place of business was Colorado under the nerve center test based on the location of executives,

---

[1] *See Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 700–05 (4th Cir. 2010) (engaging in a statutory analysis of 28 U.S.C. § 1332(d)(10) and concluding that "unincorporated associations" include LLCs).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-08840 MWC (ASx)                                              Date: December 30, 2024

Title        Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

administrative staff, offices, and functions such as payroll, human resources, accounting, finance, and legal); *United States v. Thompson*, 559 F.2d 552, 554 (9th Cir. 1977) (finding that an employee familiar with "normal company procedures . . . had ample personal knowledge to testify on that subject"); *Morse v. G4S Secure Sols. (USA), Inc.*, No. 21-CV-413-CAB-BLM, 2021 WL 1625160, at *1 n.1 (S.D. Cal. Apr. 27, 2021) (finding that a declaration from a human resources director stating that a defendant's headquarters is in Jupiter, Florida was competent proof).

      Among other things, Plaintiff argues:  (1) that each Defendant, including Hollywood LLC, hold itself out as having roots in California, (2) that Hollywood LLC's website, which only includes a California address, suggests to the public that Defendants are headquartered in California, and (3) Strube fails to identify the officers that work with her or specify the activities they perform in Florida.  *Mot.* 30:6–17; *Reply* 17:16–27.

      Plaintiff's arguments are unavailing.  As to the first argument, Plaintiff appears to conflate subject matter jurisdiction with personal jurisdiction.  *See Satmarean v. Philips Consumer Luminaries, NA*, No. 13-CV-02778-YGR, 2013 WL 5425339, at *1 (N.D. Cal. Sept. 27, 2013) (declining "to expand the minimum contacts doctrine into a means of disregarding [the] citizenship of parties for the purposes of challenging diversity jurisdiction."); *Duron v. Nationwide Mut. Ins. Co.*, No. 2:22-cv-01195-JAM-KJN, 2023 WL 5167834, at *2 (E.D. Cal. Aug. 11, 2023) (same).  Second, Plaintiff's focus on the public's perception to determine a nerve center is wrong and misinterprets *Hertz*.  Although *Hertz* states that "the public often (though not always) considers [the nerve center as] the corporation's main place of business," that statement does not alter the Court's general nerve center analysis to consider what the public thinks.  *Hertz*, 559 U.S. at 79.  Finally, Strube adequately specifies the activities performed at the nerve center, and the Court is unaware of any authority that requires Defendants' evidence to identify the officers that work at the nerve center—Plaintiff does not provide such.

      In conclusion, Defendants have established minimal diversity as to Hollywood LLC, which was formed in Delaware with its principal place of business in Florida.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08840 MWC (ASx)                                                    Date: December 30, 2024

Title     Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

      B.      <u>Amount in Controversy</u>

            i.      *Strube's Declarations*

Plaintiff attacks the evidence provided by Defendants. Plaintiff contends that Strube's declarations lack foundation—specifically, that Strube's calculations do not provide competent evidence to support or explain the approximate number of non-exempt employees employed, the approximate number of non-exempt employees who were terminated, the approximate weeks worked by non-exempt employees, the "average final hourly rate of pay," or approximate total number of shifts. *See Mot.* 11:18–25; *Reply* 9:1–12:8. Plaintiff also argues that Strube's declarations do not provide evidence to support the reasonableness of Defendants' assumed violation rates. *Mot.* 11:27–12:23. The Court only needs to address the lack of foundation to the Strube's declarations.

Courts in this district routinely accept declarations from human resource professionals providing general payroll statistics as credible evidence establishing the jurisdictional threshold. *See Alvarez v. Office Depot*, Inc., No. CV 17-7220-PSG (AFMx), 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (collecting cases). The bottom line, however, is that the evidence must lay foundation—which typically includes personal knowledge, specification of the records, review of those records, and either some form of corroborating evidence or methodology to arrive to the proposed numbers. *See, e.g.*, *Richards v. Now, LLC*, No. 2:18-cv-10152-SVW-MRW, 2019 WL 2026895, at *7 (C.D. Cal. May 8, 2019) ("Where a declarant submits a barebones, conclusory statement regarding his or her employer's information, without providing a sufficient foundation to confirm that the declarant has personal knowledge about the proffered information or how the declarant arrived at the conclusions reached, it would be improper for a court to rely on that declaration even if the declarant otherwise seems competent and is in a sufficient position with the company to confirm that information."); *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1120-23 (C.D. Cal. 2016) (assessing and rejecting the defendant's declaration from a Senior Regional Asset Protection Manager as insufficient to establish the defendant's burden of persuasion under CAFA because the declarant did not adequately describe the source of his personal knowledge and did not describe "with any particularity" the records he reviewed in connection with the declaration); *Weston v. Helmerich & Payne Int'l Drilling Co.*, No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *5 (E.D. Cal. Sept. 17, 2013) (rejecting declaration attesting to figures used to estimate amount in controversy where the declarant did not explain or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-08840 MWC (ASx)                                          Date: December 30, 2024

Title   Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

discuss her methodology for arriving at the proposed estimates); *Davis v. Barney's, Inc.*, No. CV 18-6627-JFW(SKX), 2018 WL 4940801, at *2 (C.D. Cal. Oct. 11, 2018) (rejecting declarations from the defendant's Senior Vice President of Finance as insufficient because the declarations only contained "unsupported and conclusory statements," and declarant failed to attach any underlying employment records or declare whether she actually reviewed any records).  The Court finds that Defendants failed to meet their burden.

Strube attests that her declarations are based on personal knowledge, explaining that as Vice President, Global Tax, Payroll, and Compliance for Group Operations LLC, she has access to employee data maintained by Hollywood LLC and Mission Management LLC.  *See generally* Strube Decl. I; Strube Decl. II.  She clarifies that Group Operations LLC is the parent company of the employing companies Hollywood LLC and Mission Management LLC (the parent company of SF LLC).  *Strube Decl. I* ¶¶ 1, 12.  Moreover, the employee data "records include the records of current and former non-exempt employees employed by 1 Hotel West Hollywood, LLC and TR Mission Management, LLC during the September 11, 2020 to present putative Class Period who potentially fall within some part of Plaintiff's proposed class as I understand it."  *Strube Decl. I* ¶ 3; *Strube Decl. II* ¶ 4.  Strube accessed the personnel, time, and payroll records of Hollywood LLC and Mission Management LLC, and declared the following based on the data she reviewed:

> ¶ 7.  1 Hotel West Hollywood, LLC employed approximately 386 nonexempt employees in California during the putative Class Period.  At the 1 Hotel West Hollywood, LLC, approximately 196 non-exempt employees were terminated from September 11, 2021 to the present. During the putative Class Period, 1 Hotel West Hollywood, LLC's non-exempt employees worked approximately 41,039 weeks.  The average final hourly rate for non-exempt employees employed at the 1 Hotel West Hollywood, LLC is approximately, $22.34.  From September 11, 2023 to the present, approximately 191 employees worked for 1 Hotel West Hollywood, LLC.  There are approximately 5,704 pay periods worked by 1 Hotel West Hollywood, LLC employees from August 21, 2023 to the present (the Private Attorneys General Act Period).

> ¶ 8. TR Mission Management, LLC is the employer for all 1 Hotel San Francisco employees.  TR Mission Management, LLC employed approximately 236 non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08840 MWC (ASx)                                     Date: December 30, 2024

Title  <u>Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*</u>

> exempt employees in California during the putative Class Period. Approximately 93 non-exempt employees at TR Mission Management, LLC were terminated from September 11, 2021 to the present. During the putative Class Period, TR Mission Management, LLC's non-exempt employees worked approximately 25,720 weeks. The average final hourly rate for non-exempt employees employed at the TR Mission Management, LLC is approximately, $27.71. From September 11, 2023 to the present, approximately 178 employees worked for TR Mission Management, LLC. There are approximately 4,170 pay periods worked by TR Mission Management, LLC employees from August 21, 2023 to the present (the Private Attorneys General Act Period).

*Strube Decl. I* ¶¶ 7–8.

> ¶ 7. The average number of shifts worked per week by non-exempt employees of 1 Hotel West Hollywood, LLC from September 11, 2020 to the present was 4.17. The average number of hours worked per shift by non-exempt employees of 1 Hotel West Hollywood, LLC from September 11, 2020 to the present was 7.68 hours.
>
> ¶ 8. The average number of shifts worked per week by non-exempt employees of TR Mission Management, LLC from September 11, 2020 to the present was 4.21. The average number of hours worked per shift by non-exempt employees of TR Mission Management, LLC from September 11, 2020 to the present was 7.3 hours.

*Strube Decl. II* ¶¶ 7–8.

    Although the Court is satisfied with Strube's level of personal knowledge, the Court nonetheless finds that the declarations lack foundation to present the underlying payroll data in support of removal. Strube describes the records reviewed but fails to provide corroborating evidence or explain the methodology to arrive to the proposed numbers. The Court recognizes that Defendants are not required to provide business records to support the declarations. *See Enomoto v. Siemens Indus., Inc.*, No. 22-56062, 2023 WL 8908799, at *2 (9th Cir. Dec. 27, 2023) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963–64 (9th Cir. 2020)). However, the lack of any meaningful insight into how Strube extrapolated the purported numbers identified in her declarations renders them deficient. *See Dunn v. SHC Servs., Inc.*, No. 121CV00744NONESAB, 2021 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-08840 MWC (ASx)                                           Date: December 30, 2024

Title   Trinton Hurt v. SH Group Hotels and Residence U.S. LLC *et al.*

5122057, at *8 (E.D. Cal. Nov. 4, 2021) (rejecting declaration where, among other things, declarant failed to provide insight other than to state the figures were "based on his review of relevant payroll records" (internal quotation marks omitted)); *see also Bermejo v. Lab'y. Corp.*, No. CV 20-5337-DMG (SKX), 2020 WL 6392558, at *3 (C.D. Cal. Nov. 2, 2020) (relying on an HR analyst's declaration where over 660 pages of data reports and spreadsheets were attached, and the analyst attested that he used a business intelligence program to extract HR data from defendant's timekeeping system to obtain the average daily hours worked by non-exempt employees). The Court is unable to discern whether there are outliers in calculating the averages, whether the average is a median figure, or whether the average is based on gross pay or net pay rates. The Court finds that the intersection of these and other factors may result in different proposed numbers, and therefore Defendants, at a minimum, needed to "show their work" by describing the process by which Strube reached the values presented in the declarations. *See Dunn*, 2021 WL 5122057, at *8 n.7. In conclusion, the scales tip against federal-court jurisdiction here.

IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**.


**IT IS SO ORDERED.**


                                                                                       :
                                                                **Initials of Preparer**   TJ